Morgan, J.
The motion to strike the bill of exceptions herein is based upon the alleged failure on the part of the plaintiff in error to tender the bill within the time required.
The judgment was entered on July 28', 1911. An appeal was prayed for and allowed on the same day. The court gave thirty days within which to file an appeal bond, and ninety days within which to tender a bill of excep *85 tions. The bond was filed and approved within the thirty days, and the appeal was thus perfected. Eichholtz v. Wilbur, 4 Colo., 435. The bill of exceptions was tendered October 25, 1911, not within the ninety days given by the conrt, bnt within the term as provided in sec. 385, Mills’ Ann. Code; sec. 419, Rev. Stat., 1908. A certificate of the clerk of the lower conrt is filed by the plaintiff in error along with his brief in opposition to the motion to strike, státing that the term was adjourned by order of the court sine die at ten o’clock in the forenoon of the seventh day of November, 1911. On September 12, 1911, the plaintiff in error, after having perfected his appeal, sued out a writ of error.
The act of 1911, which took effect August 26th of that year, repealed several sections of the law pertaining to appeals, and changed the time within which bills of exceptions should be signed, limiting it to sixty days from the date of the final judgment, or such further time as the court should give within the sixty days. Session Laws of 1911, chap. 6. This act provides that it shall not affect appeals perfected or writs of error sued out before the act took effect. The appeal prayed for and allowed herein was perfected before the act took effect, although the writ of error was sued out after that time. As the appeal was perfected before the act took effect, the right to tender the bill of exceptions within the term aforesaid was preserved by the proviso; therefore the bill of exceptions herein must be considered as tendered in time, and the motion to strike the same is denied.